**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CROWE AND DUNLEVY,**

    **Appellant,**

v.                                    Case No.  8:05-cv-1843-T-30MAP

**CENTURY MARTIAL ART SUPPLY,**
**INC.,**

    **Appellee.**
_____/

**ORDER**

In this bankruptcy appeal, Appellant CROWE AND DUNLEVY (hereinafter "CROWE") seeks review of the Bankruptcy Court's Order which substantially reduced its attorney's fees and costs claimed for appealing an adverse jury verdict in certain Oklahoma litigation.  CROWE filed two fee and expense statements in the Bankruptcy Court seeking a total of $182,263 in attorney and legal assistant fees, and $12,660.17 in expenses.  The Bankruptcy Court allowed attorney's fees of $47,069.34, and a reimbursement of expenses in the amount of $7,853.37.

The judgment in the Oklahoma litigation was affirmed by the Tenth Circuit Court of Appeals and the Bankruptcy Court concluded that CROWE's labor did not produce any meaningful benefit to the estate. CROWE, in this appeal, attempts to equate that conclusion to a prevailing party attorney's fees standard, which is not an appropriate standard under 11 U.S.C. § 330.  Additionally, CROWE argues that the debtor's estate did receive benefit from

their litigation. In response, Appellee CENTURY MARTIAL ART SUPPLY, INC. ("hereinafter "CENTURY") asserts that the Bankruptcy Court appropriately considered the fee requests and awarded the amount the Bankruptcy Court determined to be reasonable after appropriate consideration of several factors, only one of which was whether the efforts were beneficial to the estate.

## STANDARD OF REVIEW

The standard of review for a Bankruptcy Court's conclusions of law is *de novo*. In Re: Patterson, 967 F.2d 505 (11th Cir. 1992). The Bankruptcy Court's factual findings are accepted unless they are clearly erroneous. A determination of a reasonable attorney's fees is a question of fact. In Re: Kula, 213 B.R. 729 (8th Cir. 1997). An award of attorney's fees by a Bankruptcy Court will be reversed only if the Bankruptcy Court abused its discretion. An abuse of discretion occurs when the Court fails to apply proper legal standards, fails to follow proper procedures, or bases the attorney fee award on findings of fact that are clearly erroneous. To be clearly erroneous, a factual finding must leave the Court, after viewing all of the evidence, with a definite, firm conviction that a mistake has been made. In Re: Celotex Corp., 232 B.R. 484 (M.D. Fla. 1998).

## DISCUSSION

While the Bankruptcy Court did not explicitly set forth its consideration of the various factors listed in 11 U.S.C. § 330, it did approve and adopt the objections filed by CENTURY to the fee request. In that regard, the Bankruptcy Court stated in its written order that it "is satisfied that Century's objection to the Applications is well taken and should be sustained."

The amount allowed by the Bankruptcy Court as reasonable fees is the exact amount proposed by CENTURY in its objections. Where the Court implicitly adopts the reasoning set forth in pleadings before it, it is not necessary to restate those reasons.

CENTURY's objections were detailed both as to time expended and costs incurred. It properly addressed the factors contained in 11 U.S.C. § 330 to arrive at a reasonable fee. The Bankruptcy Court did not abuse its discretion in adopting CENTURY's criticisms of CROWE's fee applications. Further, its factual findings as to reasonableness does not leave this Court "with a definite and firm conviction that a mistake has been made." In Re: Celotex Corp., 232 B.R. 484, 486 (M.D. Fla. 1998). The issues involved in the appeal do not appear to be novel or complex, and an attorney's fees of over $45,000 to handle the appeal does not appear unreasonable. Therefore, the Order of the Bankruptcy Court is hereby **AFFIRMED**.

The Clerk of Court is directed to terminate any pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida on January 4, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Bankruptcy Court Judge Alexander Paskay
    (Cases #03-18679-ALP and 03-018680-ALP)
Counsel/Parties of Record

F:\Docs\2005\05-cv-1843.bk appeal order.frm